# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
|  | Case No. 14-CV-00150 (VEB) |
| KRISTIN LYNN MCVEY, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In July of 2011, Plaintiff Kristin Lynn McVey applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Dana Chris Madsen, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On January 5, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on July 12, 2011. (T at 171-72, 173-82).[1]  The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On February 5, 2013, a hearing was held before ALJ Marie Palachuk. (T at 28).  Plaintiff appeared with her attorney and testified. (T at 36-51)  The ALJ also received testimony from Jinnie Lawson, a vocational expert (T at 52-58), and Dr. James N. Haynes, a medical expert (T at 33-35).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

On March 1, 2013, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not entitled to benefits under the Social Security Act.  (T at 8-27).  The ALJ's decision became the Commissioner's final decision on April 3, 2014, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-7).

On May 23, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on July 29, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on December 8, 2014. (Docket No. 14).  The Commissioner moved for summary judgment on February 19, 2015. (Docket No. 19).  Plaintiff filed a reply brief on March 5, 2015. (Docket No. 20).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

1  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2         If plaintiff does not have a severe impairment or combination of impairments,

3  the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4  the third step, which compares plaintiff's impairment with a number of listed

5  impairments acknowledged by the Commissioner to be so severe as to preclude

6  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7  C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8  impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9  not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10 step, which determines whether the impairment prevents plaintiff from performing

11 work which was performed in the past. If a plaintiff is able to perform previous work

12 that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14 considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15 the process determines whether plaintiff is able to perform other work in the national

16 economy in view of plaintiff's residual functional capacity, age, education and past

17 work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18 *Yuckert*, 482 U.S. 137 (1987).

19        The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20
DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

1   of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

2   1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

3   met once plaintiff establishes that a mental or physical impairment prevents the

4   performance of previous work. The burden then shifts, at step five, to the

5   Commissioner to show that (1) plaintiff can perform other substantial gainful

6   activity and (2)  a "significant number of jobs exist in the national economy" that

7   plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

8   **B.    Standard of Review**

9         Congress has provided a limited scope of judicial review of a Commissioner's

10  decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

11  made through an ALJ, when the determination is not based on legal error and is

12  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

13  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

14  determination that a plaintiff is not disabled will be upheld if the findings of fact are

15  supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

16  1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

17  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

18  preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

19  Substantial evidence "means such evidence as a reasonable mind might accept as

20

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

1   adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

2   (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

3   may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

4   348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

5   whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

6   *v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

7   526 (9th Cir. 1980)).

8       It is the role of the Commissioner, not this Court, to resolve conflicts in

9   evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

10  interpretation, the Court may not substitute its judgment for that of the

11  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

12  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

13  set aside if the proper legal standards were not applied in weighing the evidence and

14  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

15  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

16  administrative findings, or if there is conflicting evidence that will support a finding

17  of either disability or nondisability, the finding of the Commissioner is conclusive.

18  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

19

20

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

**C.   Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 13, 2009 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2010. (T at 13). The ALJ determined that Plaintiff's seizure and anxiety disorders were "severe" impairments under the Act. (Tr. 13-14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14-15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR § 416.967 (c), with some additional limitations.  (T at 15).  In particular, the ALJ found that Plaintiff could frequently perform postural movements, but could never climb ladders, ropes, or scaffolds.  She concluded that Plaintiff should avoid even moderate exposure to vibration and industrial noise and all exposure to hazards (e.g. unprotected heights, moving machinery, power tools, working in and around water, commercial driving). The ALJ determined that Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks involving up to 3-step commands and well-learned tasks.  She further found that although Plaintiff's attention might wax and

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

wane, she could maintain attention for 2-hour intervals between usual breaks, and (to avoid stress) Plaintiff would need 10 to 15 percent more time than the average employee to adapt to change. (T at 15).

The ALJ concluded that Plaintiff could perform her past relevant work as an inside sales customer service representative. (T at 21-22).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between May 13, 2009 (the alleged onset date) and March 1, 2013 (the date of the decision) and was therefore not entitled to benefits. (Tr. 22). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed. She offers three (3) principal arguments in support of this position. First, Plaintiff challenges the ALJ's credibility analysis. Second, Plaintiff argues that the ALJ improperly discounted lay testimony. Third, Plaintiff contends that the ALJ did not properly assess the medical opinions of record. This Court will examine each argument in turn.

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

# IV. ANALYSIS

## A.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She is single, with two children (18 and 7 years old). (T at 37). Both children live with her. (T at 37). Plaintiff graduated from high school and obtained an associate's degree in administration of justice (T at 37). She stopped working five or six years ago, when she began experiencing seizures. (T at 40). She has approximately one grand mal seizure a month and then three or four petit mal seizures per month. (T at 41, 43). Stress increases the seizure activity. (T at 41).

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

1   She has some advance warning and lays down to anticipate the seizure. (T at 41-42).

2   Muscle soreness and confusion follow a seizure. (T at 42).   The seizures cause

3   chronic anxiety and affect her memory. (T at 45).  She has difficulty managing her

4   medication. (T at 47).

5        The ALJ found that Plaintiff's medically determinable impairments could

6   cause the alleged symptoms, but concluded that her statements concerning the

7   intensity, persistence, and limiting effects of those symptoms were not credible to

8   the extent alleged. (T at 16, 21).

9        This Court finds that the ALJ's decision cannot be sustained.  The ALJ first

10  cited Plaintiff's activities of daily living, finding those activities inconsistent with

11  disabling seizure activity. (T at 16).  For example, the ALJ noted that Plaintiff cared

12  for her two sons and was able to perform household chores. (T at 16).   However,

13  Plaintiff's sons were ages 7 and 18 and her actual child care duties were not

14  physically demanding. (T at 646).  The ALJ cited the fact that Plaintiff continues to

15  drive (T at 16) as evidence that her seizure activity was not as pervasive as she

16  alleged, but Plaintiff testified that she only drives short distances and when she feels

17  asymptomatic. (T at 44).[2]

18  _____

19  [2] Plaintiff has apparently been able to maintain her driver's license notwithstanding her seizure
    disorder.

20

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable,

feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

The ALJ also described Plaintiff as non-compliant with treatment and noted that the record contained "red flags" suggesting possible drug-seeking behavior. (T at 16). However, Plaintiff testified that she was frustrated by the various medication regimens, which had mixed results in terms of addressing her seizures, and had difficulty keeping track of her medications. (T at 46-47). Plaintiff acknowledged requesting Ativan upon receiving emergency medical treatment, but explained that it helped with her anxiety. (T at 47-48). Moreover, Plaintiff's difficulty managing her medications may be related to her anxiety disorder, which the ALJ found to be a severe impairment, or the effects of her seizures on her attention and concentration. (T at 13, 648). The ALJ discounted Plaintiff's credibility based on alleged drug-seeking behavior and non-compliance with medication without giving sufficient consideration to these explanations. *See* SSR 96-7p (ALJ must not draw an adverse inference "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment").

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

Mostly critically, the ALJ did not properly develop the record concerning the frequency of Plaintiff's seizures.  Dr. James Haynes, a non-examining medical expert, testified that, based on his review of the record, Plaintiff had 13 seizures over the 32 month period between July of 2009 and March of 2012. (T at 34).  In contrast, Plaintiff testified that she had approximately one grand mal seizure a month and then three or four petit mal seizures per month. (T at 41, 43).

The ALJ's questioned Plaintiff concerning this apparent inconsistency, but the questioning was brief and rather disjointed. (T at 43).  When questioned by her counsel, Plaintiff explained that she did not go to the hospital for seizures each time they occurred.  Instead, she tries to lay still while her sons monitor her condition. (T at 50).  Her sons called for an ambulance only when Plaintiff injured herself or the seizures became "real bad." (T at 50).

The ALJ noted the apparent inconsistency between Dr. Haynes' record review (which revealed only 13 documented seizures over 32 months) and Plaintiff's testimony (which indicated much more frequent activity – 4 or 5 seizures a month) and then used that inconsistency to discount Plaintiff's credibility. (T at 16).  However, the ALJ failed to consider Plaintiff's explanation for the apparent inconsistency – many of her seizures may not have been documented in the medical record because she did not receive medical treatment.  The ALJ should have at least

considered this possibility before discounting Plaintiff's credibility.  The fact that Plaintiff maintained and submitted a detailed, contemporaneous seizure journal also tends to support her credibility.  (T at 627-38).

The ALJ also referenced documentation that Plaintiff experienced extended periods without seizures. (T at 612).  However, the ALJ did not account for the fact that Plaintiff's seizure activity appeared to be related to stress (T at 612, 648) and, as such, it would be expected to increase if Plaintiff attempted to comply with the demands of competitive, remunerative work.

Dr. Dennis Pollack, an examining psychologist, diagnosed anxiety disorder NOS. (T at 648).  The ALJ found Plaintiff's anxiety disorder to be a severe impairment. (T at 13).  Dr. Pollack opined that Plaintiff would have a marked limitation with regard to her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 650).  He also found that Plaintiff would have a marked limitation with respect to completing a normal work day and workweek and performing at a consistent pace without an unreasonable number and length of rest periods. (T at 650).

Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15.  As such, the issue of stress must be carefully considered

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id.*; *see also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012). Moreover, individuals with chronic health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)).

For the reasons outlined above, the ALJ's assessment of Plaintiff's credibility was flawed and needs to be revisited on remand. The ALJ did not give sufficient consideration to the question of stress and its impact on Plaintiff's seizure activity. In addition, the ALJ did not adequately address explanations concerning the documentation of Plaintiff's seizures and her issues with medication.

## 2.    Lay Evidence

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Plaintiff's boyfriend, Larry Tracy, stated that he witnessed a seizure about once a month, with a seizure lasting up to 7 or 8 minutes. (T at 232).

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

Mr. Tracy reported that Plaintiff suffers from lingering effects of the seizures, which sometimes occur more than once a day. (T at 232). Tanner Gamley, Plaintiff's older son, explained that the seizures occur suddenly and lead to memory problems. (T at 233). Robert McVey, Plaintiff's father, described a sudden seizure in mid-July of 2011. (T at 653-54). Kathy McVey, Plaintiff's mother, said she had not personally witnessed any seizures, but explained that Plaintiff's short term memory and concentration had been eroded because of her seizures. (T at 656).

The ALJ afforded limited weight to these reports, noting that the lay witnesses may have an interest in the outcome of the disability benefits claims and none of them had any medical training. (T at 20). The ALJ also found that the lay witness observations were not consistent with the contemporaneous medical reports. However, as noted above, the ALJ does not appear to have considered the possibility that Plaintiff's seizure activity is under-reported in the record because she does not always seek medical treatment. Indeed, Plaintiff's son reported that his mother tried to hide her seizures to avoid frightening him. (T at 233). Plaintiff's seizure journal is also consistent with the lay witness reports of frequent seizures. (T at 627-38).

The ALJ's decision to discount the lay witness evidence should also be revisited on remand.

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

**C.    Medical Opinion Evidence**

In July of 2011, Amy Gregg, Plaintiff's treating physician's assistant, completed a medical assessment form.   She noted that from a neurological standpoint, Plaintiff "may have seizures." (T at 602).   Ms. Gregg described the seizures as "unpredictable" and opined that Plaintiff might need the rest of the day to recover from a seizure. (T at 602).   She also stated that Plaintiff should not perform activities that would be dangerous if she had a seizure (e.g. operating machinery, working at unprotected heights, working around open bodies of water). (T at 602).

The ALJ afforded significant weight to Ms. Gregg's assessment (T at 20), but then used the opinion in ignorance of his misunderstanding about the frequency of Plaintiff's seizures.   The ALJ noted that the record documented 13 seizures in a 3-year period.   Thus, the ALJ reasoned, "even if every seizure occurred at work and [Plaintiff] was required to take the rest of the day off work, she would miss no more than one day every 3-4 months from work." (T at 20).   This finding assumes that 13 seizures over 3 years is an accurate reflection of seizure frequency.   As noted above, there are good reasons to believe the seizure activity is under-reported.   The ALJ did not address those reasons in reaching his decision.

As noted above, Dr. Pollack, an examining psychologist, opined that Plaintiff would have a marked limitation with regard to her ability to perform activities

18

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

within a schedule, maintain regular attendance, and be punctual within customary

tolerances. (T at 650).  He also found that Plaintiff would have a marked limitation

with respect to completing a normal work day and workweek and performing at a

consistent pace without an unreasonable number and length of rest periods. (T at

650).

The ALJ afforded little weight to Dr. Pollack's opinion.  First, the ALJ noted

that Plaintiff saw Dr. Pollack upon a referral from her attorney "in connection with

an effort to generate evidence for the current appeal." (T at 19).  However, "[t]he

purpose for which medical reports are obtained does not provide a legitimate basis

for rejecting them" unless there is additional evidence demonstrating impropriety,

and the ALJ identified no such evidence. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir.

1995).  Second, the ALJ once again cited Plaintiff's activities of daily living, finding

them inconsistent with Dr. Pollack's findings. (T at 19).  As discussed above, the

ALJ overstated the nature of Plaintiff's activities and failed to consider the impact of

stress and the aftereffects of seizures on Plaintiff's ability to maintain a regular work

schedule.  The ALJ also questioned the fact that Plaintiff had not previously sought

mental health treatment. (T at 18).  However, "it is a questionable practice to

chastise one with a mental impairment for the exercise of poor judgment in seeking

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

The ALJ afforded significant weight to the opinion of Drew Stevick, a non-examining State Agency review consultant. (T at 20).  Dr. Stevick opined that Plaintiff could perform a range of medium work with some postural and environmental limitations. (T at 97-98).  The ALJ found this opinion consistent with the medical evidence, which (the ALJ noted) "indicates that [Plaintiff] experienced an average of one seizure every three months and had normal MRIs." (T at 20).  However, as discussed above, there are good reasons (which the ALJ did not discuss) to believe that Plaintiff's seizure activity is underreported in the medical record.

**D**. **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB

This Court finds that the ALJ's determination is not supported by substantial evidence.  A remand for further proceedings is the proper remedy.  The possibility that Plaintiff's seizure activity is underreported in the record should be carefully considered.  Careful consideration should also be given to the question of work stress and its potential impact on Plaintiff's seizure activity.  Plaintiff's credibility should be revisited in light of such further consideration, along with the opinions provided by Ms. Gregg and Dr. Pollack. With that said, there is, in fact, not much medical evidence supporting Plaintiff's claims.   On remand, the ALJ should consider a consultative examination, further communication with Plaintiff's treating provider(s) concerning the question of stress and Plaintiff's seizures, and/or questioning Dr. Haynes (or another medical expert) about the possible under-reporting of seizure activity.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No.  14, is GRANTED.

The Commissioner's motion for summary judgment, Docket No. 19, is DENIED.

This case is REMANDED for further proceedings.

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, enter judgment in favor of Plaintiff, and close this case.

3    DATED this 18th day of March, 2015.

4

5                                    /s/Victor E. Bianchini
                                   VICTOR E. BIANCHINI
6                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – MCVEY v COLVIN 14-CV-00150-VEB